Affirmed and Memorandum Opinion
filed January 28, 2010.

 

In
The

Fourteenth
Court of Appeals



NO. 14-08-00290-CR



David Ronald
Roland, Appellant 

v.

The State of
Texas, Appellee 



On Appeal from
the 122nd District Court

Galveston County, Texas

Trial Court
Cause No. 07CR0672



 

MEMORANDUM OPINION 

Appellant David Ronald Roland appeals his conviction
for aggravated sexual assault of a child, claiming in a single issue that he
was denied effective assistance of counsel by his trial counsel’s failure to
object to an improper commitment question in voir dire.  We affirm.

I.  Factual and Procedural
Background

Appellant was charged by indictment with the offense
of aggravated sexual assault of a child, to which he pleaded “not guilty.”  At
voir dire, the trial court spoke with the venire panel about the presumption of
appellant’s innocence and the State’s burden to prove all of the elements of
the charged offense beyond a reasonable doubt.  During voir dire, the State
proposed a scenario to venire members involving a child-complainant who had
been sexually assaulted in which no DNA and no medical injuries were discovered;
the State asked venire members if they would be able to convict an accused
based only on a child-complainant’s testimony of the offense if the venire
members believed the child’s testimony.  One venire member indicated that she
expected to see other evidence, such as DNA evidence, if the scenario involved
an infant complainant who could not speak.  The State responded with the
following statement and question of the venire members, of which appellant now
complains on appeal:

So in that
situation, I can understand where you would say, I need more.  It’s not good
enough that you just say that this child has been sexually assaulted.  She
can’t even tell us.  But what I want to make sure that everyone is clear on is
the law says that if one person tells you that it happens and you believe that
person, that’s what is crucial to the law.  If you believe that person and that
person can testify to all the facts, you can convict on that one person alone. 
The key is that you have to believe that person.  So if a child gets up there
let’s say, six, seven, eight, nine, and that child tells you who did it and
where it happened, what happened, what it felt like, what he or she did
afterwards; and you believe that child the law says that’s enough.  And I want
to know:  Can you follow the law?  It might not be a law that you agree with,
sir or you agree with; but that is the law.  Can you follow it?

The State then polled each of
the venire members for an answer.  In response to one venire member’s question,
the State indicated that the State could not talk about the particular facts of
the case at hand during voir dire.  The State referred to the law as the
“one-witness rule” and offered another hypothetical scenario in which the
venire member was a victim of, and the only witness to, a robbery.  When the
State asked the first forty-one venire members if they could follow the law,
each answered affirmatively.  Appellant’s trial counsel did not lodge any
objection to the State’s questions or scenarios.

            At the trial on
the merits, the complainant’s mother testified that her seven-year-old
daughter, the complainant, spent several nights at appellant’s home.  Appellant
and his live-in girlfriend were their neighbors.  According to the complainant,
several times during the course of her stay in appellant’s home, appellant
would enter the room in which she was sleeping and would carry her to his
bedroom.  She testified that on these occasions, appellant put his finger
inside her vagina, causing pain.  During the following days, the complainant’s
mother learned of the incident when the complainant complained of pain when
using the bathroom.  The mother notified authorities after she observed what
appeared to be “pieces of skin stripped from the inside” of the complainant’s
vagina.  A sexual assault nurse examiner testified she conducted an examination
of the complainant and observed a fresh laceration on the inside vestibule of the
complainant’s vagina that likely was three to four days old.  According to the
nurse, the laceration likely had been caused by blunt force, trauma, ripping, tearing,
or sheering, such as with a fingernail.  The nurse examiner testified that the
only way the complainant could have sustained such an injury would have been by
penetration.

The jury found appellant guilty as charged. 
Appellant was sentenced to thirty years’ confinement and assessed a fine.

II.  Analysis

In a single issue, appellant claims he was denied
effective assistance of counsel based on his trial counsel’s failure to object
to the State’s question posed to the venire members, which appellant characterizes
as an improper commitment question.

Both the United States and Texas Constitutions
guarantee an accused the right to assistance of counsel. U.S. Const. amend. VI; Tex. Const. art. I, ' 10; Tex. Code Crim. Proc. Ann. art. 1.051
(Vernon 2005).  This right necessarily includes the right to reasonably
effective assistance of counsel.  Strickland v. Washington, 466 U.S.
668, 686, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); Ex parte Gonzales,
945 S.W.2d 830, 835 (Tex. Crim. App. 1997).  To prove ineffective assistance of
counsel, appellant must show that (1) trial counsel’s representation fell below
an objective standard of reasonableness, based on prevailing professional
norms; and (2) there is a reasonable probability that the result of the
proceeding would have been different but for trial counsel’s deficient
performance.  Strickland, 466 U.S. at 688B92. 
Moreover, appellant bears the burden of proving his claims by a preponderance
of the evidence.  Jackson v. State, 973 S.W.2d 954, 956 (Tex. Crim. App.
1998).  

In assessing appellant’s claims, we apply a strong
presumption that trial counsel was competent.  Thompson v. State, 9
S.W.3d 808, 813 (Tex. Crim. App. 1999).  We presume counsel=s actions and decisions
were reasonably professional and were motivated by sound trial strategy.  See
Jackson v. State, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994).  When, as
in this case, there is no proper evidentiary record developed at a hearing on a
motion for new trial, it is extremely difficult to show that trial counsel=s performance was
deficient.  See Bone v. State, 77 S.W.3d 828, 833 (Tex. Crim. App.
2002).  If there is no hearing or if counsel does not appear at the hearing, an
affidavit from trial counsel becomes almost vital to the success of an
ineffective-assistance claim.  Stults v. State, 23 S.W.3d 198, 208B09 (Tex. App.CHouston [14th Dist.] 2000,
pet. ref=d).  The
Court of Criminal Appeals has stated that it should be a rare case in which an
appellate court finds ineffective assistance on a record that is silent as to
counsel=s trial
strategy.  See Andrews v. State, 159 S.W.3d 98, 103 (Tex. Crim. App.
2005).  On such a silent record, this court can find ineffective assistance of
counsel only if the challenged conduct was “‘so outrageous that no competent
attorney would have engaged in it.’”  Goodspeed v. State, 187 S.W.3d
390, 392 (Tex. Crim. App. 2005) (quoting Garcia v. State, 57 S.W.3d 436, 440
(Tex. Crim. App. 2001)).  There was no hearing on appellant’s motion for new
trial.

A commitment question is one that commits a prospective
juror to resolve or to refrain from resolving an issue a certain way after
learning of a particular fact.  Standefer v. State, 59 S.W.3d 177, 180
(Tex. Crim. App. 2001).  An improper commitment question is one intended to
create a bias or prejudice in a venire member before the prospective juror has
heard the evidence; however, a voir dire question is proper if it is crafted to
uncover a prospective juror’s preexisting prejudice or bias on an issue
applicable to the case.  See Sanchez v. State, 165 S.W.3d 707, 712 (Tex.
Crim. App. 2005).  To determine whether a question is an improper commitment
question, we consider (1) whether the question is a commitment question, and
(2) whether that question includes facts—and only those facts—that lead to a
valid challenge for cause.  Standefer, 59 S.W.3d at 182.  A question is
an improper commitment question and the trial court should not allow the
question if the answer to the first query is “yes” and the answer to the second
query is “no.”  Id. at 182–83.

In this case, the State asked if the venire members could
commit to follow the law and convict an accused based on the testimony of a
single witness who has provided all of the facts if the prospective jurors
determined that the witness was credible.  See Blackwell v. State, 193
S.W.3d 1, 20 (Tex. App.—Houston [1st Dist.] 2006, pet. ref’d) (involving a
proper commitment question that asked prospective jurors to follow the law that
allows a jury to convict on the testimony of one witness that has established
the elements of the offense beyond a reasonable doubt).  Although the question
was a commitment question, it was not improper.  See id.; see also Mason
v. State, 116 S.W.3d 248, 254 (Tex. App.—Houston [14th Dist.] 2003, pet.
ref’d) (involving proper commitment question that asked venire panel whether
they could convict without DNA or medical evidence).  In posing the question,
the State attempted to discover whether any of the prospective jurors harbored
a preexisting bias or prejudice concerning the ability of the jurors to convict
in accordance with the “one witness rule.”  See Blackwell, 193 S.W.3d at
20; see also Tex. Code Crim.
Proc. Ann. art. 35.16(b)(3) (Vernon 2006) (providing that the State may
challenge a juror for cause if that juror has a bias or prejudice against the
law upon which the State is entitled to rely for conviction).  In asking
whether a prospective juror would require the State to produce more evidence
beyond the credible testimony of a single complainant, the State sought to
identify a prospective juror who would require the State to produce more
evidence than what is required by law.   A juror who would require the
prosecution to prove more than what the law requires is rightfully
challengeable for cause.  See Castillo v. State, 913 S.W.2d 529, 533–34
(Tex. Crim. App. 1995) (holding juror challengeable for cause because juror
would not convict on basis of single witness’s testimony even if testimony was
sufficient to convince juror of guilt beyond a reasonable doubt); see also
Mason, 116 S.W.3d at 255–56 (involving proper commitment question that led
to identification of venire members who might not be able to follow the law if
no DNA or medical evidence were presented).  Moreover, the State
specifically asserted that it could not talk about the particular facts of the
case at hand in voir dire, and the State’s hypothetical did not include any
extraneous details about the charged offense.  See Blackwell, 193 S.W.3d
at 21.  Accordingly, the State could properly ask venire members if they could
convict on the testimony of one witness if the prospective jurors believed that
witness beyond a reasonable doubt on all elements necessary to establish the offense. 
See id. at 19.

It would not have been an abuse of discretion for the
trial court to have overruled any objection that the State’s question was an
improper commitment question.  See id. (holding that a voir dire
question asking venire members if they could follow the law that allows a jury
to convict on the testimony of a single witness who has established all of the
elements of the offense beyond a reasonable doubt was a proper voir dire
question).  We cannot conclude that appellant’s trial counsel was deficient for
failing to object to the State’s question.  See Hawkins v. State, 278
S.W.3d 396, 402 (Tex. App.—Eastland 2008, not pet.) (concluding that trial
counsel’s representation was not deficient for failing to lodge an objection to
a commitment question).  Appellant therefore has not shown by a preponderance
of the evidence that his trial counsel provided ineffective assistance.  See
id.  The record does not support a conclusion that both prongs of the Strickland
test for ineffective assistance of counsel have been satisfied.  Accordingly,
we overrule appellant’s sole issue on appeal.

The trial court’s
judgment is affirmed.

 

                                                                                    

                                                                        /s/        Kem
Thompson Frost

                                                                                    Justice

 

Panel consists of
Justices Yates, Frost, and Brown.

Do
Not Publish — Tex. R. App. P. 47.2(b).